Isaac Krichevsky, plaintiff below, plaintiff in error, *vs.* Harry Hirshout, defendant below, defendant in error.

1. Acknowledgment—Sufficiency of Acknowledgment—Errors and Defects.

A certificate of acknowledgment will not be considered defective if there has been a substantial compliance with the law.

2. Acknowledgment—Sufficiency of Acknowledgment—Errors and Defects.

Resort may be had to a deed to support the sufficiency of the certificate of acknowledgment thereof.

3. Acknowledgment—Sufficiency of Acknowledgment—Errors and Defects.

A certificate of acknowledgment to a deed executed by Mary M., certifying that "Catherine M., party to this indenture" acknowledged the deed, was sufficient where the notary public who certified to the acknowledgment was one of the attesting witnesses to the signing and sealing of the deed by Mary M., thus indicating that the word "Catherine" was a clerical mistake, since the certificate is sufficient if it appears, with reasonable certainty from the certificate and deed considered together, that the grantor in fact acknowledged the instrument.

4. Acknowledgment—Defective Certificate—Curative Statutes.

If such acknowledgment was defective, it was cured by 21 *Del. Laws, C.* 110, § 1, providing that the record of any deed dated prior to January 1, 1895, which was duly signed and sealed by the grantors notwithstanding such deed had not been properly acknowledged or the acknowledgment had not been taken and certified in conformity with law, shall be and thereby is made valid and effectual in law or by later statutes of like import.

(*October* 26, 1914.)

Curtis, Chancellor, Pennewill, Chief Justice, and Associate Judges Boyce and Conrad sitting.

*Howell S. England* for the plaintiff in error.

*Edward G. Cook* for the defendant in error.

Supreme Court, June Term, 1914.

Error (No. 4, June Term, 1914) to the Superior Court in

and for New Castle County, the case below (No. 99, May Term, 1914), being an amicable action and heard on a case stated. The questions presented and determined in the court below, sufficiently appear in the opinion here.

CURTIS, Chancellor, delivering the opinion of the court:

The questions in this case were raised by the case stated in the Superior Court, wherein a *pro forma* judgment was entered for the defendant. The defendant below, who had agreed to buy certain real estate from the plaintiff below, refused to perform his contract, alleging that the title of the seller to the property was not good. The title came through one Mary McClafferty, a single woman, who in 1882 executed a deed to one Hendrickson, through whom presumably (though it is not so stated) the vendor took title. This deed of Mary McClafferty was properly signed and sealed by her, and one of the attesting witnesses was the notary public who certified to the acknowledgment of the deed. In this certificate it is stated that "Catherine McClafferty, party to this Indenture" personally appeared before the notary public and acknowledged the indenture to be her deed. Afterwards the deed so acknowledged was recorded. This certificate is in the usual and required form, except that the name "Catherine" was used and "Mary" was not.

In Delaware a deed may be recorded if it has been duly acknowledged. To grant relief from mistakes of the certifying officers and parties to deeds, the following statute was passed by the Legislature, and was approved on April 20, 1898, following similar prior statutes:

"Section 1. That the record of any deed dated prior to the first day of January, A. D. 1895, and which was duly signed and sealed by the parties therein named as grantors, notwithstanding said deed had not been properly acknowledged, or the private examination of any married woman, party thereto or the said acknowledgment or private examination, had not been taken and certified in conformity with the requirements of the laws of this State in force at the time of its execution, shall be and the same is hereby made valid and effectual in law as if said deed had been correctly acknowledged and certified, and the said record, or any office copy thereof, shall be admitted as evidence in all courts of this State, and shall be valid and conclusive evidence, as if said deed had been in all respects acknowledged and the acknowledgment certified in accordance with the then existing law. *Chap.* 110, *Vol.* 21, *Laws of Delaware, page* 250.

A statute identical with the above, except that 1905 was substituted for 1895, was enacted in 1907, and similar statutes in 1909, 1911 and 1913 with some trifling and unimportant omissions, the general purpose of prior Acts being preserved as to deeds dated later. These statutes do not validate defective titles, but cure defects in the records of deeds by validating such records when the acknowledgments to the deeds are defective in certain particulars.

Two questions arise in this case, viz.: is the certificate of the notary public really defective, and, if so, was it cured by the above quoted statute, or any of the subsequent ones?

[1, 2] It seems to be well settled that a certificate of acknowledgment will not be considered defective if there has been a substantial compliance with the law. Presumably public officers do their duty. In addition, resort may be had to the deed to support the sufficiency of the certificate. *Sumner v. Mitchell*, 29 *Fla.* 197, 10 *South.* 562, 14 *L. R. A.* 815, 30 *Am. St. Rep.* 106; *Chandler v. Spear*, 22 *Vt.* 388.

[3] By the case stated it appears that the deed in question was duly signed and sealed by the party therein named as grantor. Whether it was in fact properly acknowledged by such grantor does not appear. Information on the subject was probably lacking because the grantor, the attesting witness and the notary public are dead. It does appear, however, that the acknowledgment, whether taken or not, had not been certified strictly in conformity with the requirements of law necessary to admit it to be recorded, because it does not appear by distinct averment in it that the grantor in the deed, Mary McClafferty, had acknowledged it to be her deed. The certificate is contradictory in that it said that "Catherine McClafferty, party to this indenture" personally appeared and acknowledged the deed to be her deed, whereas Catherine McClafferty was not a party to the deed and Mary was, for admittedly Mary signed and sealed it as grantor and Catherine did not. This variance is on the face of it the result of an error in stating a fact, viz., the fact that Mary acknowledged the deed. That it was a clerical mistake is demonstrated by observing that the notary public who made the cer-

tificate was one of the attesting witnesses to the signing and sealing of the deed by Mary, a party to the deed. The certificate should, of course, show that the person who appeared before the officer and acknowledged the deed was the one who in fact signed it. If, however, it appears with reasonable certainty from the certificate and deed, considered together, that the grantor in fact acknowledged the instrument, the certificate will be deemed sufficient. 1 *Am. & Eng. Ency. of Law* (2 *ed.*) 542, *and citations;* 1 *Cyc.* 585, *and citations.*

The rule is thus stated in the first edition of the *Encyclopedia of Law, page* 156, for which many cases were cited:

"A certificate must be construed with reference to the instrument it is attached to, and the instrument is allowed to help out the construction of the certificate. And if the certificate is inconsistent with the instrument and ambiguous, the court will look to the instrument, or any part of it, together with the certificate, in order to arrive at the true meaning of the officer."

Applying this rule it is clear that the certificate is sufficient.

It is also clear that if the acknowledgment be defective, it was cured by the statute above referred to, or by later statutes of like import.

It follows, therefore, that the defendant was not entitled to decline to accept the title to the land in question, and judgment should have been rendered below for the plaintiff, and not for the defendant.

The judgment of the court below will be reversed and judgment entered for the plaintiff below, the plaintiff in error, for two hundred dollars, together with costs, including the costs in this court on the writ of error.